[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case the defendant requests that the court grant its Motion to Sever #110 in order to have the constitutional issue addressed before the pension appeal. General Statutes § 52-205
provides: "Court may determine order in which issues shall be tried. In all cases, whether entered upon the docket as jury cases or court cases, the court may order that one or more of the issues joined be tried before the others."
"A trial court may order that one or more issues that are joined be tried before the others. . . . Bifurcation of trial proceedings lies solely within the discretion of the trial court . . . and appellate review is limited to a determination of whether that discretion has been abused. . . ." (Citations CT Page 11361 omitted.) Reichhold Chemicals v. Hartford Accident andIndemnity Co., 243 Conn. 401, 423, 703 A.2d 1132 (1997). "[T]he decision to consolidate or sever the trial of different actions is within the sound discretion of the court, and that decision will not be reversed in the absence of a clear abuse of discretion. . . ." (Citation omitted.) Aloha Crane Service v.Capitol Crane, 6 Conn. App. 60, 68, 504 A.2d 1376 (1986) Bifurcated trials serve the interests of convenience, negation of prejudice and judicial efficiency. O'Shea v. Mianone,50 Conn. App. 577, 582, 719 A.2d 1176, cert. denied, 247 Conn. 941,723 A.2d 319 (1998). Bifurcation may be employed when the resolution of one issues may "obviate the need" to litigate the other issue. Id.
In the instant case, the defendant alleges in its motion that it will be prejudiced if the issues are not severed. Specifically, the defendant claims that material which is not otherwise discoverable and not contained in the record will be disclosed during the pension appeal if the two issues are heard together. (Defendant's Brief, dated March 3, 1999, p. 5.) Further, the defendant argues, if the issues are tried together the defendant will be precluded from conducting discovery as to the constitutional claim because discovery is not a component of a pension appeal. (Defendant's Brief, dated March 3, 1999, p. 5.) Given the fact that negation of prejudice is one of the bases for the bifurcation of a trial, and the distinct probability that the defendant would be unduly prejudiced as aforesaid if the issues are not se vered, the court grants defendant's Motion to Sever #110.
Thomas G. West, J.